UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TORMU PRALL,                           :
                    Petitioner,        :
          v.                           :          CA 09-366 S
                                       :
ATTORNEY GENERAL OF RHODE ISLAND,:
                    Respondent.        :


**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Tormu Prall ("Petitioner" or "Prall"), a prisoner at the Mercer County Correction Center ("MCCC") in Trenton, New Jersey.  See Petition for Writ of Habeas Corpus (Document ("Doc.") #1) ("Petition").  Before the Court are two motions:

   (1) Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #6) ("Motion to Dismiss Petition") filed by the State of Rhode Island (the "State") on behalf of Respondent Attorney General of Rhode Island ("Respondent" or the "Attorney General").

   (2) Motion to Dismiss the Assault and Robbery Charges (Doc. #4) ("Motion to Dismiss Charges") filed by Petitioner.

The Motion to Dismiss Petition and Motion to Dismiss Charges have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  I

have determined that no hearing is necessary.  After reviewing the filings and performing independent research, I recommend that the Motion to Dismiss Petition be granted and that the Motion to Dismiss Charges be denied for the reasons stated herein.

**Facts**

Petitioner is currently incarcerated at the MCCC in New Jersey.  Petition ¶ 5; Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("State's Mem.") at 1. On or about August 13, 2008, the Providence Police Department issued a warrant for Petitioner's arrest for a first degree robbery that he allegedly committed on August 2, 2008.  State's Mem. at 1; see also Declaration of Tormu E. Prall ("Petitioner's Decl.") ¶ 2 ("This Declaration is submitted in connection with my Motion for Dismissal of the August 02, 2008[,] Assault and Robbery Warrants, Detainers, Indictments, Informations, or Complaints lodged against me by local police in Providence, Rhode Island."); Petition ¶ 5 ("Petitioner was informed by MCCC officials that local police in both Providence and North Kingston [sic], Rhode Island (RI)[,] have warrants and detainers issued against him as a suspect in August 02, and 03, 2008[,] assault, robbery and vehicle theft occurring there.").  Thereafter, on August 13, 2009, Prall filed the instant Petition.

2

**Discussion**

I.   **Motion to Dismiss Petition**

Pursuant to 28 U.S.C. § 2241(c),[1] Petitioner "is contesting his future confinement in RI," Petition ¶ 6(A), based on "a detainer, indictment, information or complaint lodged against him by RI on speedy trial grounds ...," id. ¶ 6(B).  He prays that "a[n] Order should issue requiring respondent to immediately bring [P]etitioner to trial."  Petition at 2.

The State responds that "the [P]etition may fairly be interpreted as alleging either that a detainer has been lodged against Prall pursuant to the Interstate Agreement on Detainers ("IAD") or that a warrant has issued for Prall's arrest–but no detainer lodged–for first degree robbery."  State's Mem. at 2 (internal citations omitted).  The Court agrees with the State's reading of the Petition.  The State submits that "on information and belief, the Providence police issued a warrant for Prall's arrest, but that, to date, Prall has not been indicted for this crime and no detainer has been lodged pursuant to the IAD."  Id.

---

[1] Section 2241 provides, in relevant part, that:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--

....

**(3)** He is in custody in violation of the Constitution or laws or treaties of the United States ....

28 U.S.C. § 2241(c).

According to the State, however, "[t]his Court need not resolve this factual issue at this time because this Petition should be dismissed in either instance."  Id.

### A.  Detainer

The United States Supreme Court has stated that:

> [T]he purpose of the [IAD] is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."
>     To achieve this purpose, Art. III of the [IAD] establishes a procedure by which a prisoner incarcerated in one party State (the sending State) may demand the speedy disposition of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" by another party State (the receiving State).  Specifically, Art. III requires the warden to inform the prisoner that a detainer has been lodged against him and that he may request final disposition of the indictment, information, or complaint upon which the detainer is based.  **If the prisoner makes such a request**, the warden must forward it, together with a certificate providing certain information about the prisoner's terms of confinement, to the appropriate prosecuting official and court of the receiving State.  The authorities in the receiving State then must bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice, and the detainer will cease to be of any force or effect.

Carchman v. Nash, 473 U.S. 716, 720, 105 S.Ct. 3401 (1985)(third alteration in original)(bold added)(internal citations and footnote omitted).

If a detainer has been lodged against Petitioner, then there is no question that he meets the "in custody" requirement of § 2241.  See Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S.

484, 489 n.4, 93 S.Ct. 1123 (1973)("Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3)."); id. at 488 (noting that petitioner challenging interstate detainer is "in custody" within meaning of federal habeas corpus statute)(citing 28 U.S.C. § 2241(c)(3)).  The State, however, argues that "if Prall is alleging that a detainer has issued pursuant to the IAD, then this Court should dismiss the Habeas Petition because Prall has not exhausted his state court remedies."  State's Mem. at 2.

"The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"  Braden, 410 U.S. at 490; see also United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2nd Cir. 1976)("While 28 U.S.C.[] Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975)("In this area [pretrial application for writ of habeas corpus], an exhaustion requirement has developed through

5

decisional law, applying principles of federalism."). The "requirement is rooted in considerations of comity and is predicated on the notion that state courts should have an opportunity to correct their alleged constitutional violations before federal jurisdiction is invoked." Whitman v. Ventetuolo, 781 F.Supp. 95, 98 (D.R.I. 1991); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997)("In recognition of the state courts' important role in protecting constitutional rights, the exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."); accord Thompson v. Sec'y for Dep't of Corr., 517 F.3d 1279, 1283 (11th Cir. 2008)(concluding "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Petitioner initially agrees that he is required to exhaust his state court remedies. See Petition ¶ 6(B) ("Because [P]etitioner is challenging a detainer, indictment, information or complaint lodged against him by RI on speedy trial grounds, habeas corpus relief is available only if [P]etitioner has exhausted the remedies available in RI before seeking his right to a speedy trial on the underlying charges."). Petitioner

6

acknowledges that "[i]n this situation, there is no distinction between § 2241 and § 2254 insofar as the exhaustion requirement is concerned."  Id. (citing Braden, 419 U.S. at 490)(underlining omitted); see also Moore, 515 F.2d at 442 ("[A]lthough there is a distinction in the statutory language of [§§] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."); Bancroft v. Massachusetts, 525 F.Supp.2d 237, 241 (D. Mass. 2007)("as with section 2254, exhaustion of state remedies is a requirement for section 2241 relief ...").  However, Petitioner then contends that he need not exhaust administrative remedies provided by the IAD because "the IAD does not apply to [P]etitioner's pre-trial detainee status."  Id. ¶ 6(B)(1)(citing Carchman, 473 U.S. 716).

Petitioner misapprehends the Supreme Court's holding in Carchman.  Carchman involved the issue of whether Article III of the IAD applied to detainers based on probation violation charges.  473 U.S. at 719.  The Carchman Court held that it did not.  See id. at 726, 734.  Rather, the Supreme Court noted that "[t]he most natural interpretation of the words 'indictment,' 'information,' and 'complaint' is that they refer to documents charging an individual with having committed a criminal offense." Id. at 724; see also id. ("This interpretation is reinforced by the adjective 'untried,' which would seem to refer to matters that can be brought to full trial ...."); id. at 727 (noting that

7

Art. III applies only to detainers based on "any untried indictment, information or complaint"). Nowhere in Carchman does the Supreme Court state that the IAD does not apply to someone in Petitioner's circumstances. On the contrary, the Supreme Court's language would appear to encompass the very situation in which Petitioner finds himself. Petitioner does not contend that he is subject to a detainer based on a probation-violation charge, as was the case in Carchman, but, rather, admits that the "warrants and detainers issued against him ...," Petition ¶ 5, are based on an alleged "August 02, and 03, 2008[,] assault, robbery and vehicle theft ...," id. Thus, the Court finds that, if a detainer has been lodged against Petitioner, the IAD is applicable.

Petitioner next argues that "federal habeas review is available only if [P]etitioner makes 'a special showing of the need for such adjudication' or demonstrates 'extraordinary circumstances' sufficient to excuse his failure to exhaust." Petition ¶ 6(B)(1)(citing Braden, 410 U.S. at 490-93); see also Toro v. Wall, C.A. No. 08-118S, 2008 WL 4377307, at *2 (D.R.I. Sept. 25, 2008)("Although § 2241 does not contain an express exhaustion requirement, Petitioner is still required to exhaust his State Court remedies unless he presents this Court with extraordinary circumstances.")(citing Benson v. Super. Ct. Dep't of Trial Ct. of Massachusetts, 663 F.2d 355, 358 (1st Cir.

1981)).  Examples of "extraordinary circumstances" which courts
have recognized are futility or waiver of exhaustion, <u>see</u>
<u>Adelson</u>, 131 F.3d at 263 (noting "occasional exceptions to the
exhaustion requirement" such as "where exhaustion plainly would
be futile or where the state has waived the requirement"), and
the potential for double jeopardy, <u>see</u> <u>Benson</u>, 663 F.2d at 359
("We have in the past implicitly recognized that a threat to a
defendant's right to be protected from double jeopardy can be a
sufficiently extraordinary circumstance to allow a federal court
to review a petition for a writ of habeas corpus without awaiting
exhaustion of the claim by completion of the state trial.");
<u>Moore</u>, 515 F.2d at 446 (perceiving nothing in nature of speedy
trial right to qualify it as per se "extraordinary circumstance"
and stating that "the cases in which the speedy trial claim has
been raised in a pre-trial habeas context have granted the writ
only after exhaustion on the merits in the state courts").

    Petitioner alleges that he has made such a "special showing"
and demonstrated "extraordinary circumstances" based on the
following reasons:

        First, [P]etitioner is not a resident of RI.
    Petitioner was homeless for the brief 2 months he lived
    in RI.  All the people [P]etitioner became acquainted
    with while in RI were in the same predicament.  If
    [P]etitioner is not immediately brought to trial on the
    detainers, informations, indictments or complaints, he
    will effectively be denied the only evidence ... that
    could merit his release: witnesses favorable to him will
    more likely than not die, disappear or lose their
    memories.  This is very serious because the inability of

9

[P]etitioner adequately to prepare his case skews the
fairness of the entire system.
    Second, because [P]etitioner is incarcerated, he is
hindered in his ability to gather evidence, contact
witnesses, or otherwise prepare his defense.  These are
serious consequences imposed on [P]etitioner who has not
yet been convicted.
    Third, [P]etitioner is completely unfamiliar with
the laws and practices of RI.  The legal services program
at Petitioner's place of confinement has no law books on
which [sic] Petitioner can use to familiarize himself
with RI State laws and Court practices.  Petitioner
neither has the tools to retain addresses of State Courts
in RI,[2] nor does he have [an] appointed attorney in RI
to help minimize these disadvantages.

Petition at 2; see also Petitioner's Reply to Respondent's Motion

to Dismiss ("Petitioner's Objection") at 1 ("Petitioner would

present, or do his best to present, his federal claims to RI's

highest tribunal; but exceptional circumstances exist that make

it impossible for [P]etitioner to invoke one complete round of

RI's established appellate review process.").  The Court does not

find Petitioner's reasons persuasive.

    Petitioner's argument that he was homeless during his brief

stay in Rhode Island, that the people with whom he came into

contact were in the same predicament, and that without an

immediate trial "witnesses favorable to him will more likely than

not die, disappear or lose their memories," id., is undermined by

Petitioner's own statements that his "[g]irlfriend, Melissa

---

[2] The Court has attached as an appendix to this Report and
Recommendation a list of the state courts which have jurisdiction over
felony criminal charges brought by the Providence and/or North
Kingstown police departments.

Padget, is the socalled victim of the August 02, 2008[,] Assault
and Robbery," Petitioner's Decl. ¶ 3, and that they "are
frequently in communication with each other," id.  The fact that
he is incarcerated is undoubtedly a hardship, but most
petitioners under § 2241 would be in the same position due to the
"in custody" requirement.  His lack of familiarity with Rhode
Island law likewise could be true of any prisoner held in one
jurisdiction who seeks a speedy trial in another jurisdiction
under the IAD.  Thus, the Court finds that Petitioner "has not
presented unusual or compelling circumstances for his failure to
exhaust his State Court remedies." Toro, 2008 WL 4377307, at *2.
Therefore, to the extent that Petitioner contends he should be
excused from the exhaustion requirement based on "special
circumstances," the Court is not so convinced.  Accordingly, the
Court finds that Petitioner was required to exhaust his state
court remedies before filing the instant Petition.  See id.; see
also Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)("Before
seeking a federal writ of habeas corpus, a state prisoner must
exhaust available state remedies ...."); cf. Hensley v. Mun. Ct.,
San Jose Milpitas Jud. Dist., Santa Clara County, California, 411
U.S. 345, 353, 93 S.Ct. 1571 (1973)(holding that person released
on own recognizance is "in custody' within meaning of federal
habeas corpus statute and stating that decision "does not open
the doors of district courts to the habeas corpus petitions of

all persons released on bail or on their own recognizance"
because such person "must still contend with the requirements of
the exhaustion doctrine if he seeks habeas corpus relief in the
federal courts").

Unlike the petitioner in <u>Braden</u>, who had "made repeated
demands for trial to the courts of Kentucky, offering those
courts an opportunity to consider on the merits his
constitutional claim of the present denial of a speedy trial,"
410 U.S. at 490, and, therefore, had clearly "exhausted all
available state court remedies for consideration of that
constitutional claim ...," <u>id.</u>, there is no evidence in the
instant matter that Petitioner has exhausted his state court
remedies.  In the Petition, he states that he "was informed by
MCCC officials that local police in both Providence and North
Kingston [sic], Rhode Island (RI)_{[,]} have warrants and detainers
issued against him ...."  Petition ¶ 5.  However, there is no
indication in the documents before this Court that Petitioner has
"demand[ed] the speedy disposition of 'any untried indictment,
information or complaint on the basis of which a detainer has
been lodged against the prisoner' ...," <u>Carchman</u>, 473 U.S. at
720; <u>see also</u> <u>id.</u> at 727-28 ("[T]he prisoner invokes Art. III by
'caus[ing] to be delivered *to the prosecuting officer and the
appropriate court of the prosecuting officer's jurisdiction*
written notice of the place of his imprisonment and his request

12

for a final disposition to be made of the indictment, information or complaint.'")(second alteration in original); id. at 733 ("the decision whether to request expeditious disposition lies with the prisoner"), much less "invoke[d] one complete round of the State's established appellate review process," Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002)(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)); cf. Adelson, 131 F.3d at 262 ("[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim."); Donovan v. Delgado, 339 F.Supp 446, 454 (D.P.R. 1971)("Proof of exhaustion of state remedies is essential to granting of federal writ of habeas corpus."). Accordingly, the Court finds that Petitioner has not exhausted his state court remedies.

Having rejected Petitioner's argument that he should be excused from exhausting his state court remedies and found that he has not exhausted those remedies, I find that the Petition should be dismissed on this basis. I so recommend.

**B.  Warrant**

The State argues that if, as it believes, no detainer has been lodged against Petitioner and only a warrant is outstanding, see State's Mem. at 2 ("on information and belief, the Providence police issued a warrant for Prall's arrest, but that, to date, Prall has not been indicted ... and no detainer has been lodged

pursuant to the IAD"), Petitioner "is not 'in custody' for federal habeas purposes," id. at 3.  Petitioner does not argue definitively that a detainer has been lodged against him, see Petition ¶ 5 ("Petitioner was informed by MCCC officials that local police in ... Rhode Island ... have warrants and detainers issued against him ...."); id. ¶ 6(A) ("[P]etitioner is challenging his future confinement by challenging the detainers, indictments, informations, or complaints pending against him in RI ..."), but, rather, contends that "this warrant is a detainer because it is a writ issued, alerting prison officials to hold petitioner for RI," Petitioner's Objection at 1 (citing Black's Law Dictionary).[3]

"[Section] 2241(c)(3) restricts the granting of the writ [of habeas corpus] to only those petitioners who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Dodd v. United States Marshal, 439 F.2d 774,

---

[3] Black's Law Dictionary defines detainer as "[a] writ authorizing a prison official to continue holding a prisoner in custody." Black's Law Dictionary 480 (8th ed. 1999); see also Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401 (1985)("A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."). A warrant is "[a] writ directing or authorizing someone to do an act, **esp[ecially] one directing a law enforcer to make an arrest, a search, or a seizure**." Black's Law Dictionary 1616 (bold added). A writ is defined as "**[a] court's written order**, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specified act." Id. at 1640 (bold added). Accordingly, the Court rejects Petitioner's definition of warrant as the equivalent of a detainer or writ.

775 (2nd Cir. 1971).   In <u>Braden</u>, although the Supreme Court held

that "[s]ince the Alabama warden acts here as the agent of the

Commonwealth of Kentucky in holding the petitioner **pursuant to**

**the Kentucky detainer**, we have no difficulty concluding that

petitioner is 'in custody' for purposes of 28 U.S.C. §

2241(c)(3)," 410 U.S. at 489 n.4 (bold added), it also observed

that "[o]n the facts of this case, we need not decide whether, **if**

**no detainer had been issued against him**, petitioner would be

sufficiently 'in custody' to attack the Kentucky indictment by an

action in habeas corpus," <u>id.</u> (bold added); <u>see also</u> <u>Bancroft</u>,

525 F.Supp.2d at 242 ("Petitioner cannot *constructively* be

considered 'in custody' pursuant to a detainer because the

Commonwealth has not lodged a detainer against him with Virginia

authorities.").

   In <u>Bancroft</u>, the United States District Court for the

District of Massachusetts stated that:

> According to the Supreme Court ... only the *actual*
> lodging of a detainer could possibly deem a petitioner to
> be "in custody" pursuant to section 2241.   <u>See</u> <u>Rumsfeld</u>
> <u>v. Padilla</u>, 542 U.S. 426, 438, 124 S. Ct. 2711, 159
> L.Ed.2d 513 (2004)(noting that "in custody" requirement
> was met in <u>Braden</u> "by virtue of the detainer").   That is
> simply not true here.

525 F.Supp.2d at 242.

> The presence of the detainer is crucial because it
> represents a present claim ... of jurisdiction over ...
> (the) person and the right to subject him to its orders
> and supervision in the future.   In the present case,
> inasmuch as no detainer has been filed by Washington

15

> State with the appropriate federal officials,
> [petitioner] is not in custody of the Washington officers
> and hence the district court was without jurisdiction to
> accept the application.

Dodd, 439 F.2d 775 (internal citation and quotation marks

omitted). Here there is no affirmative evidence that a detainer

has been lodged against Petitioner. Thus, the Court finds that

Petitioner does not meet the "in custody" requirement of 28

U.S.C. § 2241. See Fernos-Lopez v. Figarella Lopez, 929 F.2d 20,

24 (1st Cir. 1991)("The only possible source of restraint was the

arrest warrant .... While the caselaw suggests that being

subject to immediate arrest pursuant to an arrest warrant does

not constitute custody, we need not decide that issue.")(citing

Sevier v. Turner, 742 F.2d 262, 269 n.7 (6th Cir. 1984); Spring

v. Caldwell, 692 F.2d 994, 996-99 (5th Cir. 1982)); Jordan v.

Mendez, No. CIV. 98-442-P-H, 1999 WL 33117167, at *3 (D. Me.

Sept. 27, 1999)("The First Circuit ... has suggested in dictum

that the existence of an outstanding arrest warrant is not in

itself sufficient to constitute 'custody' for purposes of the

maintenance of a habeas petition.")(citing Fernos-Lopez, 929 F.2d

at 24); cf. Spring v. Caldwell, 692 F.2d 994, 999 (5th Cir. 1982)

(holding that arrest warrant for willful refusal to pay fine

"does not amount to custody within the meaning of 28 U.S.C. §§

2241 and 2254"); Jordan, 1999 WL 33117167, at *3 (relying on

Fernos-Lopez for proposition that "it is unlikely that the First

Circuit would consider the mere existence of an indictment

sufficient to comprise 'custody' for habeas purposes").  Thus,
the Petition should be dismissed on this alternative ground, and
I so recommend.

## II.  Motion to Dismiss Charges

According to Petitioner, his girlfriend, Melissa Padget, "is
the so[-]called victim of the August 02, 2008[,] Assault and
Robbery."  Petitioner's Decl. ¶ 3.  Petitioner states that Ms.
Padget "has informed me that law enforcement officials tried to
make her turn on me ...," id., and that she "is available to
inform all those concerned that she is not pursuing any criminal
prosecutions against me," id.  Thus, Petitioner seeks to have
this Court dismiss the assault and robbery charges pending
against him.  See Motion to Dismiss Charges.

In Braden, while the Supreme Court concluded that the
petitioner was "in custody" within the meaning of 28 U.S.C. §
2241, see 410 U.S. at 488, 489 n.4, it emphasized that "nothing
we have said would permit the derailment of a pending state
proceeding by an attempt to litigate constitutional defenses
prematurely in federal court," id. at 493.  The Third Circuit
addressed precisely that issue in Moore v. DeYoung, 515 F.2d at
439 ("The sequence of events ... ultimately presents this
question for resolution: Should a federal court grant a writ of
habeas corpus and enjoin an ongoing state criminal proceeding
before the petitioner has stood trial and before the state courts

17

have ruled on the merits of his claim that a speedy trial has been denied?").  In answering this question in the negative, the court applied "two important principles controlling the sensitive area of state-federal relations: (1) the normal requirement that state appellate courts be given the initial opportunity to consider the federal constitutional claim; and (2) the teaching of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)."[4]  Id.

In Moore, the Third Circuit distinguished Braden as follows. First, "in Braden, the Supreme Court emphasized that state courts had the opportunity to consider the merits of the speedy trial issue before Braden applied for habeas corpus relief in the district court."  515 F.2d at 444.  This Court has already discussed the exhaustion doctrine and found that Petitioner has not exhausted his state court remedies, nor was he excused from doing so.  See Discussion section I.A. supra at 10-13.  Second, the Third Circuit found that in Braden "the [p]etitioner made no effort to abort a state proceeding or to disrupt the orderly

_____

[4] The Supreme Court held in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), that abstention was required where a plaintiff who was defending criminal charges in state court sought to have the federal court enjoin the ongoing state criminal proceedings, Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005).  "Younger is grounded in notions of comity: the idea that the state courts should not, in certain circumstances, be interfered with."  Id. at 68-69; see also Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007)("The Younger doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to 'interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.'").

functioning of state judicial processes." <u>Moore</u>, 515 F.2d at 445
(quoting <u>Braden</u>, 410 U.S. at 493).   In <u>Moore</u>, by contrast, the
petitioner "d[id] not seek to enforce the state's duty to provide
him with a trial. ...  Rather, [he] seeks to abort a trial in the
state courts."  <u>Id.</u>; <u>see also</u> <u>Scranton</u>, 532 F.2d 292, 296 (2nd
Cir. 1976)(distinguishing petitioner's case from that presented
in <u>Braden</u> on same ground).   The Third Circuit concluded that "the
present case is precisely the situation anticipated by the
Supreme Court's caveat that federal courts should not permit the
claimed denial of a speedy trial, presented in a pretrial
application for habeas, to result in the 'derailment of a pending
state proceeding.'"  <u>Moore</u>, 515 F.2d at 446; <u>see also</u> <u>Benson</u>, 663
F.2d at 359 (noting that appellants sought to bar prosecution and
that "this request for relief would raise significant questions
under the abstention doctrine as set forth in <u>Younger v. Harris</u>
...."); <u>Scranton</u>, 532 F.2d at 296 (finding decisions cited by
petitioner "furnish no real basis for thinking that <u>Younger v.
Harris</u> is not directly applicable"); <u>Donovan</u>, 339 F.Supp. at 455
("In the absence of exceptional or extraordinary circumstances,
the federal courts will not properly interfere by habeas corpus
with the regular course of procedure under state authority.") .

Petitioner in the instant matter is more akin to the
petitioners in <u>Moore</u> and <u>Scranton</u> than to the petitioner in
<u>Braden</u>.  Petitioner "moves to [d]ismiss the [a]ssault and

19

[r]obbery [c]harges ....” Motion to Dismiss Charges. He argues

that he has shown sufficient “extraordinary circumstances,” id.,

in the Petition, id. As noted previously, the Court is

unpersuaded. See Discussion section I.A. supra at 9-11. The

Supreme Court in Younger described “extraordinary circumstances”

as those “where the danger of irreparable loss is both great

and immediate.” 401 U.S. at 46.

> Certain types of injury, in particular, the cost,
> anxiety, and inconvenience of having to defend against a
> single criminal prosecution, could not by themselves be
> considered “irreparable” in the special legal sense of
> that term. Instead, the threat to the plaintiff’s
> federally protected rights must be one that cannot be
> eliminated by his defense against a single criminal
> prosecution.

Id.

Although the Supreme Court in Younger noted that it

“express[ed] no view about the circumstances under which federal

courts may act when there is no prosecution pending in state

courts at the time the federal proceeding is begun,” 401 U.S. at

41, the First Circuit has articulated the following analytical

framework, based on Supreme Court caselaw, for Younger

abstention:

> Abstention is appropriate when the requested relief would
> interfere (1) with an ongoing state judicial proceeding;
> (2) that implicates an important state interest; and (3)
> that provides an adequate opportunity for the federal
> plaintiff to advance his federal constitutional
> challenge.

Rossi, 489 F.3d at 34-35. Interference is a threshold issue, id.

at 35, and it is "usually expressed as a proceeding that either enjoins the state proceeding or has the 'practical effect' of doing so," id.

Here, although apparently no prosecution has commenced, based on the fact that a detainer or warrant has issued against Petitioner it appears that the local authorities intend to prosecute him.  Therefore, the Court finds that Petitioner has "an acute, live controversy with the State and its prosecutor," Younger, 401 U.S. at 41, and that, as a result, the "threshold issue of 'interference' is clearly satisfied here," Rossi, 489 F.3d at 35.  As for the second factor, the local authorities have an interest in pursuing and prosecuting those accused of crimes within their jurisdictions.  Thus, an "important state interest" is implicated.  See Rossi, 489 F.3d at 34-35; cf. id. at 35 ("In several cases, the Supreme Court has recognized that states have important interests in administering certain aspects of their judicial systems.")(internal quotation marks omitted).  Finally, Petitioner will have an opportunity to present his claim that his right to a speedy trial has been denied as an affirmative defense at trial.  Accordingly, the Court finds that he has an "adequate opportunity ... to advance his federal constitutional challenge," id.; see also id. ("[I]t is clear that the state proceeding provides an adequate forum for the [plaintiffs] to present their constitutional challenge.").

21

As the Third Circuit concluded in Moore:

> We are satisfied that [petitioner's] claim of alleged
> denial of the right to a speedy trial does not fall
> within the extraordinary circumstances envisioned in
> Younger. Petitioner Moore will have an opportunity to
> raise his claimed denial of the right to a speedy trial
> during his state trial and in any subsequent appellate
> proceedings in the state courts. Once he has exhausted
> state court remedies, the federal courts will, of course,
> be open to him, if need be, to entertain any petition for
> habeas corpus relief which may be presented. These
> available procedures amply serve to protect
> [petitioner's] constitutional rights without pre-trial
> federal intervention in the orderly functioning of state
> criminal processes.

515 F.2d at 449. The Court finds that the same is true in the
instant matter. Petitioner's speedy trial claim would not appear
to fall within the "extraordinary circumstances" envisioned by
the Supreme Court in Younger. Moreover, as stated by the Third
Circuit in Moore, there are procedures available to protect
Petitioner's constitutional rights without this Court's
intervention "in the orderly functioning of state criminal
processes." Id. Accordingly, I find that the Motion to Dismiss
Charges should be denied. I so recommend.

### Findings and Conclusion

I find that if a detainer has, in fact, been lodged against
Petitioner, he is "in custody" for purposes of § 2241. I further
find that Petitioner should not be excused from the requirement
that he exhaust his state court remedies, that he has not sought
relief in the Rhode Island state courts, and that, therefore, he
has not satisfied the exhaustion requirement. Accordingly, I

22

recommend that the Motion to Dismiss be granted and that the Petition be dismissed without prejudice.

If a warrant, as opposed to a detainer, has been lodged against Petitioner, I find that he is not "in custody" for purposes of § 2241.  Therefore, I recommend that the Motion to Dismiss be granted on this alternative basis.

Finally, based on the principles of <u>Younger</u> abstention, I find that the Motion to Dismiss Charges should be denied.  I so recommend.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 8, 2010

**Appendix**

Courts handling criminal charges brought by the Providence Police Department:

> Sixth Division District Court
> J. Joseph Garrahy Judicial Complex
> One Dorrance Plaza
> Providence, RI 02903
>
> Providence County Superior Court
> Licht Judicial Complex
> 250 Benefit Street
> Providence, RI 02903

Courts handling criminal charges brought by the North Kingstown Police Department:

> Fourth Division District Court
> McGrath Judicial Complex
> 4800 Tower Hill Road
> Wakefield, RI 02879
>
> Washington County Superior Court
> McGrath Judicial Complex
> 4800 Tower Hill Road
> Wakefield, RI 02879

The Attorney General of the State of Rhode Island is responsible for the prosecution of all felonies.  He is:

> The Honorable Patrick C. Lynch
> Attorney General of the State of Rhode Island
> 150 South Main Street
> Providence, RI 02903